UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-23771-BLOOM

GARLAND DUANE DAVIS,

      Plaintiff,

v.

BROWARD COUNTY
SHERIFF'S OFFICE, *et al.*,

      Respondent.

_____/

## ORDER OF DISMISSAL

**THIS CAUSE** is before the Court upon Plaintiff Garland Duane Davis's Complaint pursuant to 42 U.S.C. § 1983, ECF No. [1] ("Complaint"). A review of the Complaint reveals that Plaintiff seeks dismissal of his pending criminal charges in Pinellas County Case No. 522020-CF-010644000-APC, ECF No. [3-1], and Miami-Dade County Case No. F-20-015526, ECF No. [3-2].[1] The Court has carefully considered the Complaint, the record in this case, the state court dockets, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Complaint is dismissed without prejudice.

### I. FACTUAL ALLEGATIONS

Plaintiff, a pre-trial detainee at the Metro West Detention Center, seeks the dismissal of criminal charges pending against him in Miami-Dade and Pinellas counties. ECF No. [1] at 7; ECF Nos. [3-1], [3-2]. On November 11, 2020, while at his home in Pinellas County, Plaintiff was arrested by "3 or 4 U.S. Marshal[]s" pursuant to a warrant for second degree murder. *Id.*; *see* ECF

---

[1] The Court takes judicial notice of publicly available Florida court dockets. *See* Fed. R. Evid. 201; *see also United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999) (finding the district court may take judicial notice of the records of inferior courts).

No. [3-2]. Plaintiff consented to the U.S. Marshals entering his home and once inside the U.S. Marshals saw a number of firearms and ammunition. *Id.* The weapons and ammunition were seized. *Id.* As a result of the search and seizure, Plaintiff was charged with one count of felonious possession of a firearm in Pinellas County Case No. 522020-CF-010644000-APC. *Id.* at 2; *see* ECF No. [3-1]. Plaintiff disputes the charge and claims that he is not a felon. *Id.* at 6 ("I took a misdemeanor plea in Kansas City in 1997. I took on in Dade County in 2012. I'm not a convict[.]"). Additionally, he claims the U.S. Marshals executing the warrant violated his Second Amendment rights when they seized his weapons and ammunition without a property receipt. *Id.* at 5. Plaintiff states he currently has no court date in the Pinellas County case. *Id.* at 6.

Plaintiff also has a pending criminal charge for second degree murder in Miami-Dade County Case No. F-20-015526. *Id.* at 2; *see* ECF No. [3-2]. Plaintiff states that in 2012 he plead guilty to simple battery. *Id.* Eight and a half years later the same victim from the 2012 case died. *Id.* Plaintiff alleges the victim "died of old age at 70." *Id.* He argues that double jeopardy principles prohibit him from being "re-tried for the same victim as in 2012[.]" *Id.* at 6.

Plaintiff states that as to the Miami-Dade charge, his next court date is scheduled for November 8, 2021, but that he has no court date set in his Pinellas County case. *Id.* at 4, 7. He complains that he has "basically been sentenced to a year in jail without a re-trial or a lick of evidence." *Id.* at 7. He seeks intervention to prevent his case from being "reset . . . indefinitely." *Id.* at 3. Plaintiff acknowledges that he is represented by counsel in both cases. *Id.* at 2.

Plaintiff seeks dismissal with "extreme prejudice" of both pending criminal charges, or, in the alternative, he seeks expedited criminal proceedings. *Id.* at 7. Plaintiff cites the financial losses he has incurred as a result of his pre-trial incarceration but he does not seek any damages. *Id.*

## II.    DISCUSSION

The Court construes Plaintiff's Complaint as a petition for writ of habeas corpus under

28 U.S.C. § 2241. *See* Rules Governing Section 2254 Cases, Rule 1(b) (explaining that the district court may apply the Rules to a § 2241 habeas petition). Under § 2241, principles of abstention dictate dismissal of the Complaint. *See* Rules Governing Section 2254 Cases, Rule 4, ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

"Federal courts have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990). "Issues sounding in habeas are mutually exclusive from those sounding in a § 1983 action." *McNabb v. Comm'r Ala. Dep't of Corr.*, 727 F.3d 1334, 1344 (11th Cir. 2013) (citation omitted).

Release from custody and relief related to pending criminal charges are "not cognizable under § 1983." *Grider v. Cook*, 522 F. App'x 544, 547 (11th Cir. 2013); *see Bradley v. Pryor*, 305 F.3d 1287, 1289 (11th Cir. 2002) ("[H]abeas corpus [rather than § 1983] is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." (alterations added; citing *Preiser v. Rodriguez,* 411 U.S. 475, 487-90 (1973)); *see also Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) ("A § 1983 action will not lie when a state prisoner challenges 'the fact or duration of his confinement' and seeks either 'immediate release from prison,' or the 'shortening' of his term of confinement." (internal citations omitted)). However, pre-trial habeas petitions are properly presented pursuant to § 2241, which applies to persons in custody regardless of whether final judgment has been rendered. *Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 403 n.1 (11th Cir. 1988) (citation omitted). Section 2241 authorizes a district court to grant a writ of habeas corpus whenever a plaintiff is "in custody in violation of the Constitution or laws or treaties of the United States." § 2241(c)(3).

Courts do not generally interfere with ongoing state court proceedings in which a plaintiff

is represented by an attorney. Absent extraordinary circumstances, if adjudicating a claim would interfere with a state's pending criminal prosecution, federal courts must abstain from doing so. *Younger v. Harris*, 401 U.S. 37 (1971); *see New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 364 (1989). "*Younger* abstention is required when (1) the proceedings constitute an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Christman v. Crist*, 315 F. App'x 231, 232 (11th Cir. 2009) (citing *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003)). "Federal courts have consistently recognized this limitation on enjoining state criminal prosecutions unless one of a few narrow exceptions is met." *Hughes v. Att'y Gen. of Fla*., 377 F.3d 1258, 1263 (11th Cir. 2004). The exceptions to the *Younger* abstention doctrine are when: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Id*. at 1263 n.6 (citing *Younger*, 401 U.S. at 45, 53-54).

Plaintiff has provided no sufficient reason for the Court to overlook principles of abstention. There is no dispute that there are two pending criminal prosecutions against Plaintiff in state court. The specific challenges Plaintiff raises with respect to his state court case implicate important state interests, and he may present his constitutional claims through counsel in the state proceedings. Thus, Plaintiff has an adequate remedy at law because he may pursue any of his constitutional issues through the state court system. *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985). Nor has Plaintiff alleged bad faith or that any special circumstances exist which create a threat or irreparable harm. *See Younger*, 401 U.S. at 46 ("Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term."). Additionally, even if the Complaint could be read to fairly allege one or more exception,

4

the allegations still are not sufficiently "substantial" to warrant relief. *Hudson v. Hubbard*, 358 F. App'x 116, 118 (11th Cir. 2009) (per curiam) (citations omitted). The relief Plaintiff requests "would create an 'undue interference with state proceedings.'" *Wexler v. Lepore*, 385 F.3d 1336, 1339 (11th Cir. 2004) (per curiam) (quoting N*ew Orleans Pub. Serv., Inc.*, 491 U.S. at 359).

## III.    CONCLUSION

Accordingly, it **is ORDERED AND ADJUDGED** as follows:

1.    Plaintiff's Complaint, **ECF No. [1]**, is **DISMISSED without prejudice**.

2.    The Clerk is **DIRECTED** to make the attached documents a part of the record:

   a.    Online docket for Pinellas County Case No. 522020-CF-010644000-APC, ECF No. [3-1];

   b.    Online docket for Miami-Dade County Case No. F-20-015526, ECF No. [3-2].

3.    The Clerk is **DIRECTED** to **CLOSE** the case and **DENY** all pending motions as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 28, 2021.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Garland Duane Davis, *Pro Se*
210120654
Miami-Dade County-MW
Inmate Mail/Parcels
13850 NW 41st Street

Case No. 21-cv-23771-BLOOM

Miami, FL 33178